<u>NOT FOR PUBLICATION</u>                     CASE CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KEVIN ORAS,

             Plaintiff,                Civil Action No. 05-4003(SDW)

   v.

CITY OF JERSEY CITY, ET AL.,

             Defendants.          **OPINION**

                             April 1, 2008

**WIGENTON, District Judge**

      This matter comes before the Court on Motions for Summary Judgment filed by Defendants Jerramiah Healy, Samuel Jefferson, Robert Troy, James Blake, Peter Nalbach and Hugh Donaghue,[1] and Defendants City of Jersey City and Jersey City Police Department.[2]  The Motions for Summary Judgment are decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the Motions for Summary Judgment are granted in part and denied in part.

## I.  <u>Background</u>

      Plaintiff Kevin Oras ("Plaintiff") filed an Amended Verified Complaint ("Amended Verified Complaint") alleging a 42 U.S.C. § 1983 claim for retaliation in violation of the First Amendment of the U.S. Constitution (Count One), a 42 U.S.C. § 1983 claim for violation of the right to equal protection guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution (Count Two), a 42 U.S.C. § 1985(3) claim for conspiracy (Count Three), a New Jersey Civil Rights Act claim under N.J.S.A. 10:6-1 *et seq.* (Count Four), a New Jersey Conscientious Employee Protection

---

[1] This Motion corresponds to docket entry 36.

[2] This Motion corresponds to docket entry 39.

Act claim under N.J.S.A. 34:19-1 (Count Five), and a New Jersey Law Against Discrimination claim under N.J.S.A. 10:5-1 *et seq.* (Count Six).  (Am. Ver. Compl. ¶¶ 75-112.)

Plaintiff alleges that Defendants Jerramiah Healy, Samuel Jefferson, Robert Troy, James Blake, Peter Nalbach, Hugh Donaghue, City of Jersey City and Jersey City Police Department ("Defendants") retaliated against him for his communications "attempting to uncover and disclose possible wrongdoing with reference to the bidding process for the new police radio communication system."  (Am. Ver. Compl. ¶¶ 46, 54, 60, 62, 64, 68.)

## II.  Jurisdiction/Venue

The Court has jurisdiction over the 42 U.S.C. §§ 1983 and 1985(3) claims pursuant to 28 U.S.C. § 1331.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## III.  Summary Judgment

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party meets the initial burden, the burden then shifts to the non-movant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere

allegations or denials of its pleadings.  *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).  The

need of the non-movant to conduct further discovery does not preclude summary judgment unless

the non-movant demonstrates how the additional discovery would preclude summary judgment.

*Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988).  The court may not weigh the

evidence and determine the truth of the matter but rather determine whether there is a genuine issue

as to a material fact.  *Anderson*, 477 U.S. at 249.  In doing so, the court must construe the facts and

inferences in the light most favorable to the non-moving party.  *Masson v. New Yorker Magazine*,

501 U.S. 496, 520 (1991).

Here, summary judgment of the §§ 1983 and 1985(3) claims is proper because discovery is

closed and the material facts are undisputed.

**IV.  42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code "creates a species of tort liability"[3] and

subjects to liability:

> [e]very person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws.

42 U.S.C. § 1983.  To establish a viable § 1983 claim, a plaintiff must demonstrate that "the conduct

complained of was committed by a person acting under color of state law" and that "this conduct

deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the

United States."  *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (quoting *Parratt v. Taylor*, 451

_____

[3] *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986)).

U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

To establish that a defendant acted under color of state law, a plaintiff must demonstrate that the defendant "exercised power 'possessed by virtue of state law and made possible only because the [defendant] is clothed with the authority of state law.'" *Barna v. City of Perth Amboy*, 42 F.3d 809, 815-16 (3d Cir. 1994) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). A defendant is "a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

To establish that a defendant violated a right secured by the Constitution or laws of the United States, a plaintiff must demonstrate that the defendant deprived it of such right as charged in the complaint. *Salerno v. O'Rourke*, 555 F. Supp. 750, 757 (D.N.J. 1983). A plaintiff must "identify the exact contours of the underlying right said to have been violated." *Downey v. Coal. Against Rape and Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

**A.  First Amendment Retaliation Claim**

A plaintiff asserting a First Amendment retaliation claim must prove "(1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial

4

factor in the alleged retaliatory action." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006). "The first factor is a question of law; the second factor is a question of fact." *Hill*, 455 F.3d at 241 (citing *Curinga v. City of Clairton*, 357 F.3d 305, 310 (3d Cir. 2004). If a plaintiff satisfies these two requirements, a defendant can avoid liability by showing that the adverse action against plaintiff would have occurred even in the absence of the protected conduct. *Hill*, 455 F.3d at 241 n.23 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

A public employee's communication is protected by the First Amendment when "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." *Hill*, 455 F.3d at 241-42 (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). The Supreme Court has held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 547 U.S. at 421 (ruling that memo written by a calendar deputy in the Los Angeles County District Attorney's Office was part of his official duties and not protected). The Supreme Court reasoned that its decision would ensure efficient provision of services to the public, maintain principles of federalism and separation of power, and keep the courts out of employment disputes. *Garcetti*, 547 U.S. at 418, 423. The Supreme Court cautioned that a government employer cannot restrict an employee's speech "by creating excessively broad job descriptions." *Garcetti*, 547 U.S. at 424. It follows that the listing of a task in a formal job description is "neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment

5

purposes." *Garcetti*, 547 U.S. at 424-25.  Factors such as whether plaintiff's speech occurred in the office or whether it concerns the subject matter of plaintiff's employment are not dispositive when analyzing whether plaintiff's speech was made pursuant to official duties.  *Garcetti*, 547 U.S. at 420-21.  The court should examine "the content, form, and context" of the statement to determine whether the employee's speech was a matter of public concern.  *Hill*, 455 F.3d at 242 (quoting *Rankin v. McPherson*, 483 U.S. 378, 384 (1987)).  Accordingly, a court should engage in a practical inquiry to determine whether a task is within the scope of the employee's professional duties. *Garcetti*, 547 U.S. at 420-21.

Here, Plaintiff's First Amendment retaliation claim under § 1983 is dismissed with prejudice because his communications attempting to uncover and disclose possible wrongdoing with reference to the bidding process for the new police radio communication system are not protected by the First Amendment.  Plaintiff claims he was retaliated against for his communications in opposition to a Motorola police radio system.  (Am. Ver. Compl. 77.)  Plaintiff's communications are not protected because he made them pursuant to his duty as a Commanding Officer of the Jersey City Police Department Support Services Division.  (Am. Ver. Compl. 29.)  Plaintiff explains "[a]s part of his duties and responsibilities as Commanding Officer of the [Support Services Division], plaintiff was to approve vouchers for the purchase of goods, products and services involving substantial amounts of money.  Because plaintiff was not comfortable signing these vouchers unless he had a full understanding of why and what he was purchasing, plaintiff began to question members of his staff" (Am. Ver. Compl. ¶ 30) regarding the Motorola police radio system.  (Am. Ver. Compl. ¶ 33.) Plaintiff admits that his investigations and communications regarding the Motorola police radio system were made in his capacity as a police officer.  (Am. Ver. Compl. ¶ 41; Pl.'s Dep. 167:25-

6

169:5, Semeraro Certif. Ex. C.)  While these facts alone demonstrate that Plaintiff made these communications pursuant to his official duties and, thus, the communications are not protected, an examination of the content, form and context of the record reveals the same.  For example, Plaintiff asked Officer John Tkaczyk to record information he knew about the Motorola radio system in an "internal memo report."  (Am. Ver. Compl. ¶ 35; Pl.'s Dep. 79:18-81:11, Semeraro Certif. Ex. C.) "Plaintiff issued an official department incident report" regarding his Motorola radio system investigation.  (Am. Ver. Compl. ¶ 43; Pl.'s Dep. 46, 83:4-91:5, Semeraro Certif. Ex. C.)  Plaintiff's reports were given to Officer Mary Revell, who preserved them in the Jersey City Police Department Property and Evidence Room.  (Pl.'s Dep. 40-22:42-8, Semeraro Supp. Certif. Ex. C.)  Further, Plaintiff interviewed witnesses at the Jersey City Police Department during business hours.  (Pl.'s Dep. 85-87, Semeraro Certif. Ex. C.)  Finally, Plaintiff filed several internal memos with officials in the Jersey City Police Department.  (Am. Ver. Compl. 7-12.)  While none of these factors alone are dispositive, taken together they reveal that Plaintiff's actions were made pursuant to his official duties.  Thus, Plaintiff's activity is not protected by the First Amendment, and Count One is dismissed with prejudice.

**B.  Equal Protection Retaliation Claim**

Here, Plaintiff does not assert a valid equal protection claim under § 1983 as said claim amounts to a restatement of his First Amendment claim.  *See Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997).  Plaintiff's equal protection claim is that Defendants acted to "punish, retaliate and stifle plaintiff's protests and criticism of their abuse of power and wrongdoing."  (Am. Ver. Compl. ¶ 85.)  By comparison, Plaintiff's First Amendment claim is that he was "subjected to harassment, discriminatory action and other retaliation" as a result of his "protests, complaints,

comments and opposition" to the police radio system bidding process.  (Am. Ver. Compl. ¶ 77; *see also* Am. Ver. Compl. ¶ 78.)  Both claims allege retaliation as a direct consequence of Plaintiff's speech.  Indeed, the facts supporting these claims focus on retaliation for Plaintiff's communications attempting to uncover and disclose possible wrongdoing with reference to the bidding process for the new police radio system.  (*See* Am. Ver. Compl. ¶¶ 26-74.)  Freedom of speech retaliation claims are properly analyzed under the First Amendment.  For these reasons, Count Two is dismissed.

## V.  42 U.S.C. § 1985(3)

In order to state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).  Section 1985(3) actions are limited to conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus."  *Lake*, 112 F.3d at 685 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Here, Plaintiff's § 1985(3) conspiracy claim is dismissed because Plaintiff fails to establish that he is a member of a protected class.  Plaintiff alleges that Defendants conspired to deprive him of rights guaranteed under the U.S. Constitution in violation of 42 U.S.C. § 1985(3).  (Am. Ver. Compl. ¶ 90; Opp'n Def.'s Mot. Summ. J. 25.)  Plaintiff's § 1985(3) conspiracy claim rests solely on the theory that he is a member of a First Amendment class.  (Opp'n Def.'s Mot. Summ. J. 25.)  As this Court holds that Plaintiff is not entitled to First Amendment protection, he cannot be part of a First Amendment class for § 1985(3) purposes, and Count Three is dismissed.

## VI.  New Jersey State Law Claims

> A district court "may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  Courts are within their sound discretion to dismiss state law claims when the federal law claims have properly been dismissed.  *See Bacon v. Carroll*, 232 Fed. Appx. 158, 160 (3d Cir. 2007); *Queen City Pizza v. Domino's Pizza*, 124 F.3d 430, 444 (3d Cir. 1997).

*Gattison v. Township of Irvington*, 2007 WL 4591354, at *8 (D.N.J. 2007).  As Plaintiff's §§ 1983 and 1985(3) claims have been dismissed against all Defendants, this Court no longer has original jurisdiction under 28 U.S.C. § 1331 and declines to exercise supplemental jurisdiction over Plaintiff's New Jersey State law claims pursuant to 28 U.S.C. § 1367.  Thus, the Amended Verified Complaint is dismissed in its entirety.

## VII.  Conclusion

For the reasons stated above, the Amended Verified Complaint is dismissed.  An Order follows.


                                        **S/Susan D. Wigenton, U.S.D.J.**

cc:  Judge Madeline Cox Arleo, U.S.M.J.

9